**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-20005-tp-MOORE/SIMONTON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MARVIN BREWER,**

**Defendant.**

_____/

**REPORT AND RECOMMENDATION**
**ON SUPERVISED RELEASE VIOLATION PETITION**

Presently pending before the Court is a two-violation Supervised Release

Violation Petition signed on October 14, 2010, by the Probation Department which seeks

to have Mr. Brewer's Supervised Release revoked.  Also, pending before the Court are

the Government's Motion to Dismiss Violation 1 of the Petition (DE # 68) and the

Defendant's Motion to Dismiss Violation 2 of the Petition (DE #69).  The Honorable K.

Michael Moore, United States District Judge, has referred the matter to the undersigned

Magistrate Judge (DE # 59).  A hearing was held on the Petition, and based thereon and

the record as a whole, the undersigned Recommends that the Government's Motion to

Dismiss Violation 1 of the Petition (DE # 68), and the Defendant's Motion to Dismiss

Violation 2 of the Petition (DE # 69) both be Granted and the Supervised Release

Violation Petition be dismissed.

I.      **BACKGROUND**

On or September 16, 1996, in the United States District Court for the Middle

District of Florida, Defendant Marvin Brewer pled guilty to a two count Indictment

charging him with Robbery of a United States Post Office, in violation of 18 U.S.C. §

2114(a) (Count One), and Use of a Firearm in Relation to a Crime of Violence, in violation

of 18 U.S.C. § 924 (c) (Count Two) (DE # 1 at 2-5, 14).  On December 19, 1996, Mr. Brewer

was sentenced to seventy months of incarceration as to Count One and sixty months of

incarceration as to Count Two, with the sentences to run consecutively; followed by

thirty-six months of supervised release (DE # 1 at 7).  Defendant's Supervised Release

commenced on May 26, 2007 (DE # 12).

On or about January 25, 2007, jurisdiction over the Defendant's Supervised

Release was transferred from the United States District Court for the Middle District of

Florida to this District (DE # 1).

After two modifications to the conditions of Defendant's supervised release

stemming from a positive drug test and Defendant's failure to satisfy the court-ordered

restitution, on December 21, 2007, a Petition for Warrant of Summons for Offender Under

Supervision was filed by the U.S. Probation Office alleging that Defendant had violated a

mandatory condition of his supervised release for failing to refrain from a violation of the

law (DE # 12).  Specifically, the Petition alleged that Mr. Brewer had failed to refrain from

a violation of the law by committing the offense of "Lewd and Lascivious Battery on a

Child 12-16 years of age (40 Counts), contrary to Florida Statute, 800.04 (4A)." (DE # 12 at

2).

On April 15, 2008, a hearing was held on the alleged violation before the

Honorable K. Michael Moore, United States District Judge.  At that hearing, a police

detective testified that Mr. Brewer was charged with lewd and lascivious assault on a

juvenile under the age of sixteen, after a fifteen-year old girl came to the police station

and reported that her forty-year old boyfriend, Marvin Brewer, had assaulted her.  The

detective who investigated this matter testified that although the minor reported that she

had engaged in sexual activity with Mr. Brewer thirty to forty times, ultimately the State

dropped the charges against Mr. Brewer.  Also, during the hearing, the minor who was

referred to as "L.S." testified that she had never had sexual relations with Mr. Brewer.  At

the conclusion of the hearing, the Court opined that the Government failed to meet its

burden of establishing that Mr. Brewer violated a condition of his supervised release.

However, the Court decided that for the remainder of Mr. Brewer's supervised release

term, which at that time was until May 25, 2009, the conditions of his supervised release

be would modified to include limitations (DE # 34).  Specifically, the Judgment for

Reinstatement for Supervised Release, stated:

> ...the Defendant's sentence of supervised release is
> hereby REINSTATED and modified, with the following
> special conditions:
>
> 1.    No Contact with Minors: The defendant shall
>       have no personal, mail, telephone, or computer
>       contact with any minors or with the witness,
>       L.F., a minor.

(DE # 34).  The transcript of the April 15, 2008 hearing at which the condition was

imposed, reflects that the Court initially stated the restriction on contact was with

respect to minors aged 16, and under (DE # 73 at 41).  However, at the end of the hearing

and in the written judgment, the restriction on contact with minors was not limited to

those aged 16 and under (DE # 73 at 42).  In addition, at the time of the hearing, the

Defendant's term of supervised release was scheduled to end before "L.F." reached the

age of 18.  Specifically, the Court was advised that the Defendant's term of supervision

would expire on May 25, 2009. (DE # 73 at 41).  Ms. Stevens testified that she was 16 on

the date of the hearing; thus she would remain a minor until after the expected end of

the term of supervised release.  However, due to a later violation, the term of supervision

was extended, resulting in his present status as a supervisee.

On August 7, 2008, another Petition seeking to revoke the Defendant's Supervised

Release was filed alleging thirteen different violations regarding the Defendant's supervised release (DE # 36).  On October 29, 2009, the Honorable K. Michael Moore held a Final Hearing on that Petition for Revocation for Supervised Release and issued a Judgment for Revocation which revoked the Defendant's supervised release and committed the Defendant to the Bureau of Prisons for one year plus one day, followed by twenty-four months of supervised release (DE # 52).  The Judgment parroted the language contained in the previous Judgment for Reinstatement for Supervised Release and specifically stated, in relevant part, "The defendant is prohibited from any contact with minors; the defendant shall not have personal, mail, telephone, or computer contact with any minors or with the witness, L.F., a minor."

II.     <u>PENDING PETITION FOR REVOCATION OF SUPERVISED RELEASE</u>

On October 15, 2010, the instant Petition seeking to have the Defendant's term of supervised release revoked was filed (DE # 53).  In the Petition, the Defendant is charged with the following two violations of his supervised release:

| <u>Violation Number</u> | <u>Nature of Noncompliance</u> |
| --- | --- |
| 1. | <u>Violation of Special Condition</u>: by having personal, mail, telephone or computer contact with a minor under the age of 18.  On or about September 23, 2010, the defendant had personal, mail telephone or computer contact with a minor under the age of 18, as evidence [sic] by MOCOspace.com, without authorization. |
| 2. | <u>Violation of Special Condition</u>: by having personal, mail telephone or computer contact with victim L.F.  On or about October 13, 2010, the defendant had personal, mail, telephone or computer contact with the victim as evidence [sic] by the defendant's admission and signature on an incident report, without authorization. |

4

(DE # 53).  On December 3, 2010, the Government moved to dismiss Violation 1 of the

Petition (DE # 68).  On December 6, 2010, Defendant filed a Motion to Dismiss Violation 2

of the Petition asserting that although the Defendant did not deny having contact with

LaJoyce Stevens, who was likely the "L.F." referred to in the Petition, that such contact

did not constitute a violation of Mr. Brewer's supervised release because Ms. Stevens

had reached the age of majority in February 2010 (DE # 69).

In response, the Government argued that the language of the relevant order which

identified "L.F" as a minor was merely descriptive and not meant to be limiting (DE # 72).

III.    **HEARING ON PETITION**

On December 17, 2010, a hearing was held by the undersigned on Violation 2 of

the Petition.  At the outset of the Hearing, the Government and the Defendant agreed to

the following stipulation of facts:

> On or about October 13, 2010, Mr. Brewer had personal
> contact with LaJoyce Stevens, who is the person identified
> as "L.F." in the Judgment for Reinstatement of Supervised
> Release dated April 15, 2008 (DE # 34), and Judgment for
> Revocation dated October 29, 2009 (DE # 52).[1]

At the hearing, the probation officer who filed the Petition stated that Mr. Brewer

had informed her that Ms. La Joyce Stevens had stopped by Mr. Brewer's house and that

he had had previous contact with Ms. Stevens.  In addition, Mr. Brewer was then put

under oath and confirmed that he agreed with the factual stipulation and that he had had

personal contact with La Joyce Stevens on or about October 13, 2010.

---

[1]  Although the Petition identifies "L.F." as the person who Defendant had contact with on October 13, 2010, and the 2009 Judgment for Reinstatement of Supervised Release (DE # 34) also refers to "L.F.", both the Government and the Defendant agree that "L.F." is actually a reference to LaJoyce Stevens, who was a minor at the time of the reinstatement of the supervised release, and who testified at the hearing held on April 15, 2008.

Thus, at the hearing the sole issue to be resolved was whether the Defendant's admitted contact with Ms. LaJoyce Stevens constituted a violation of his supervised release conditions, even though Ms. Stevens no longer was minor at the time of that contact.

The Government contended that because the Court's Orders issued on April 15, 2008 and October 30, 2009 both stated that Mr. Brewer could not have contact with "any minors or with the witness L.F., a minor," that any contact that Mr. Brewer had with "L.F." would violate his supervised release.  The Government argued that if the Court had wanted to simply limit Mr. Brewer's contact with minors, the Court would not have had to include the words "or with the witness LF, a minor."  Rather, the Court could have simply ended the sentence after the word "minors" which would have therefore necessarily included contact with "L.F." who at that time was a minor. In addition, the Government argued that if the Court intended to limit the Defendant's contact with L.F. only during the time that she was a minor, the Court could have added such limiting language.  The Government therefore argued that the Court intended to prohibit Mr. Brewer from contacting the witness L.F. at any time during the duration of his supervised release.

Defendant countered that the Court could have ended the sentence with "L.F." and not put "a minor" after the initials.  For support of this conclusion, the Defendant pointed to a portion of the transcript from the April 15, 2008 revocation hearing wherein the Court stated at the end of the hearing, "I do think that imposing a condition of refraining from contact with minors is warranted." (4/15/2008 Hr'g Tr. at 42).  Thus, the Defendant argued that the Court was focused at all times on minors and only specifically identified LF, aka Ms. Stevens, because she was the minor who was at issue in the

6

previous circumstance.

In response, the Government argued that the Court made clear at the hearing that the limitation on the contact with minors was with those minors under the age of sixteen years and under, and because L.F. was already sixteen at the time of the April 15, 2008 hearing, that the Court intended for no contact to occur with L.F., even when she was no longer a minor.

At the hearing, there was no evidence presented that the Defendant was ever advised by his probation officer that he could not contact "L.F." once she reached the age of 18.

IV.    LAW & ANALYSIS

A.    Supervised Release Statute, 18 U.S.C. § 3583

Title 18 U.S.C. § 3583, entitled, "Inclusion of a term of supervised release after imprisonment," states in relevant part,

> . . . .
>
> (d) Conditions of supervised release.--
> > . . . .
>
>  The court may order, as a further condition of supervised release,
> > . . .
>
> any condition set forth as a discretionary condition of probation. . . any other condition it considers to be appropriate, . . .

In addition, as to revocation of supervised release, the statute provides,

> (e) Modification of conditions or revocation.--The court may...
>
> > . . . .
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that

7

**resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release,.....**

Finally, relevant for this case, the statute provides,

**(f) Written statement of conditions.--The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.**

18 U.S.C. § 3583 (f).

B.      Due Process

It is firmly established that a statute violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *United States v. Soltero*, 510 F. 3d 858, 866 (9th Cir. 2007).  The same principles apply to a condition of supervised release." *United States v. Loy*, 237 F.3d 251, 262 (3d Cir.2001) (internal citations and quotation marks omitted).  Indeed, "[d]ue process requires that the conditions of supervised release be sufficiently clear to 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.' " *United States v. Green*, 618 F 3d 120, 122 (2d Cir. 2010) *quoting United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003) (citations omitted).  A condition of supervised release must provide the probationer with conditions that "are sufficiently clear to inform him of what conduct will result in his being returned to prison." *Id*.  Thus, various courts have remanded cases and/or declined to violate defendants where the conditions of the defendant's supervised release or probation were either ambiguous, vague or

8

otherwise written in a manner which would not allow a defendant to guide his conduct in manner to avoid a violation.

In *United States v. Peterson*, 248 F. 3d 79, 86 (2d Cir. 2001), for example, the reviewing court remanded the case to the trial court for clarification of one of the Defendant's probation conditions that prohibited the defendant from "being on any school ground, child care center, playground, park, recreational facility or in any area in which children are likely to congregate."  In so doing, the court found that the condition as written was ambiguous and depending on its meaning, excessively broad.  *Accord United States v. Reeves*, 591 F. 3d 77, 81-82 (2d Cir. 2010) (finding special supervised release limitation on "significant romantic relationship" too vague to be enforced).

Similarly, in *United States v. Maloney*, 513 F. 3d 350 (3rd Cir. 2007), the reviewing court found that a condition of supervised release that required the defendant to notify the probation officer within 72 hours of being arrested or questioned by law enforcement was impermissibly vague.  In reaching that conclusion, the court focused on the ambiguous scope of the word "questioned" and concluded that under the circumstances of the case and the wording of that condition, the defendant's interpretation that he was not being "questioned" within the meaning of that condition was not unreasonable.  *Id*. at 357, 359.  The Court therefore declined to sustain a violation of the defendant's supervised release based upon that condition.  *Id.*

## C.    Application to Instant Case

In the instant case, although the conditions of the Defendant's supervised release are arguably not vague because there is no dispute that the limitation applies to "L.F.", the supervised release condition related to Mr. Brewer's contact with "L.F.", is ambiguous, as written.  Thus, the due process concerns raised in the above-cited cases

apply to the instant case and are equally compelling where, as here, the Government seeks to revoke the Defendant's term of supervised release based upon that ambiguous language.

In particular, both the Judgment for Reinstatement of Supervised Release (DE # 34) and the Judgment for Revocation (DE # 52) specifically prohibit the Defendant from having contact with "any minors or with the witness, L.F., a minor."  However, it is not clear whether the specification of "L.F." is due to her status as a witness, or as a minor, or both.  If the limitation on the Defendant's contact with "L.F." is due to her status as a witness, then the words, "a minor" are superfluous, because her minority status would not alter her status as a witness, and thus Mr. Brewer would not be allowed to have contact with her during the remainder of his term of supervision.  Under that interpretation, the words "a minor" may just serve to identify "L.F.", and do not relate to the prohibition on Mr. Brewer's contact with her.

On the other hand, the term "a witness" could merely serve to identify "L.F." as the person involved in this matter and not to provide an additional basis for a limitation on Mr. Brewer's contact with her. This interpretation holds some appeal for two reasons. First, there was no other limitation placed on Mr. Brewer having contact with other witnesses in this matter, rather, this particular limitation was included in the same sentence as the prohibition on him having contact with other minors.  Under this scenario, as argued by the Defendant, the emphasis on "L.F." could be due to the fact that she was the minor at issue in the prior supervised release violation due to her minor status. Second, because there was some evidence, although insufficient to warrant revocation, that Mr. Brewer engaged in lewd and lascivious battery on a child, it was reasonable for the Court to have a concern regarding Mr. Brewer's future contact with

10

minors, especially "L.F."  Moreover, by identifying "L.F." as a minor, the Court was arguably stating the basis for the decision to include this condition of supervised release.  That concern, however, would dissipate upon "L.F." becoming an adult, and being able to freely associate with Mr. Brewer, if she so desired.

Further, the undersigned notes that there was no reason for the Court to focus on any restriction past the date which "L.F." reached age 18 since the Defendant's expected term of supervision would end before then.  Thus, as written, this condition of Mr. Brewer's supervised release is subject to two interpretations, and is therefore ambiguous.

Finally, this ambiguity is not resolved by examining the oral statements made by the Court during Mr. Brewer's supervised release proceedings.  In fact, even after reviewing the transcript of the hearings of Defendant's prior supervised release violations, the undersigned is not entirely clear if the Court intended to forbid the Defendant from having contact with all minors, including "L.F." while she was minor, or whether the Court intended for Mr. Brewer to not have any contact with LaJoyce Stevens even upon her reaching the age of majority.

The undersigned finds that under the facts of this case and the wording of the Court's Orders regarding the conditions of Mr. Brewer's supervised release, Mr. Brewer's interpretation that he only could not have contact with Ms. Stevens while she was a minor, was reasonable.  It does not matter whether that interpretation was correct; it only matters that the condition as written was ambiguous, and that Mr. Brewer's interpretation of that condition reasonably fell within that ambiguity.  Simply put, the terms of Mr. Brewer's supervised release in this regard, fail to provide him with conditions that "are sufficiently clear to inform him of what conduct will result in his

11

being returned to prison."

Accordingly, based upon the record before the undersigned including the transcripts of the prior supervised release proceedings, the undersigned finds that Mr. Brewer's supervised release condition related to his contact with "L.F." is ambiguous as written and thus the Government has failed to demonstrate by a preponderance of the evidence that he violated that condition by having contact with "L.F." in October 2010, after she reached the age of majority.

## V.    RECOMMENDATION

Based upon the foregoing, and the record as a whole, it is

**RECOMMENDED** that the Government's Motion to Dismiss Violation 1 (DE # 68) of the Supervised Release Violation Petition be Granted.  It is further

**RECOMMENDED** that the Defendant's Motion to Dismiss Violation 2 of the Supervised Release Petition be Granted.

The parties have fourteen (14) days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.* 996 F.2d 1144, 1149 (11th Cir.1993).

**DONE AND SUBMITTED** in Miami, Florida on this 16th day of March, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
    The Honorable K. Michael Moore
    Counsel of Record